FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 FEB 14 A 10: 44
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERIC WATKINS,

    Plaintiff,

vs.

D. HUDSON, Associate Warden,

    Defendant.

CIVIL ACTION NO.: CV212-113

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Watkins ("Plaintiff"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. Defendant filed a Motion to Dismiss, to which Plaintiff responded. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that, on October 29, 2009, Defendant Hudson, Associate Warden at FCI Jesup, placed him in administrative detention after he fell asleep during a video and refused to obey an order to wake up and act interested in the video. Plaintiff contends, citing 28 C.F.R. § 541.22 (2009 version), that his placement in administrative detention was not based on a valid reason and was, therefore, in violation of his Fifth Amendment right to due process to remain in the general population area of the prison.

Defendant asserts that Plaintiff's Complaint is barred by the applicable statute of limitations period. Defendant also asserts that Plaintiff's Complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and he is entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

2

## DISCUSSION AND CITATION TO AUTHORITY

I. **Statute of Limitations**

Defendant asserts that Plaintiff's Complaint should be dismissed, as it was not filed within the applicable statute of limitations period. According to Defendant, the statute of limitations for this cause of action began to run on October 29, 2009, which is the date an incident report was filed against Plaintiff. Defendant alleges that discipline was imposed on Plaintiff on January 1, 2010, which is the latest possible date for the statute of limitations period to begin. Defendant also alleges that Plaintiff's Complaint, which was filed on June 7, 2012, was filed more than two (2) years after Plaintiff's cause of action accrued.

Plaintiff responds that, even though the events giving rise to his Complaint occurred in October 2009, his June 7, 2012, Complaint was timely filed. Plaintiff contends that the statute of limitations period did not begin to run until after he exhausted his administrative remedies. Plaintiff asserts that he concluded his administrative remedy process on June 18, 2010, which is the date he received the final rejection of his appeal.

The statute of limitations applicable to 42 U.S.C. § 1983 actions applies to Bivens claims. Walker v. United States, 196 F. App'x 774, 776 (11th Cir. 2006). Constitutional claims brought pursuant to section Bivens "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the [Bivens] action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Georgia law does not allow tolling of the statute of limitations based on a litigant's incarceration

status. O.C.G.A. § 9-3-90(b). Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." "The plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (alteration in original) (citation omitted). "This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." Id. In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

AO 72A
(Rev. 8/82)

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate is required to seek an informal resolution of an issue. 28 C.F.R. § 542.13(a). If an informal resolution cannot be had, the inmate can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11") as the final administrative appeal. Id.

In Leal, the Eleventh Circuit "decline[d] to decide in the first instance the legal issue of whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations." 254 F.3d at 1280. While the undersigned recognizes that Georgia law does not permit tolling, the undersigned concludes that tolling is the proper course in this case. The applicable statute of limitations period was tolled while Plaintiff pursued his administrative remedies, which was a prerequisite to filing suit while he was imprisoned. Plaintiff was a prisoner in October 2009, until his release from custody on June 7, 2010, and, while incarcerated, he had the according duty to exhaust his administrative remedies before he could file a cause of action in federal court. Even though the Eleventh Circuit has not addressed this issue directly, other Courts of Appeals agree. Nickolich v. Rowe, 299 F. App'x 725, 725-26 (9th Cir. 2008) (finding that, given California's two-year statute of limitations, a state prisoner's § 1983

AO 72A
(Rev. 8/82)

deliberate indifference claim was not barred by the statute of limitations, where the inmate commenced his prison grievance process immediately after his claim accrued and filed a complaint within two years of completing the mandatory grievance process); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001) (holding that a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) (concluding that tolling is appropriate while prisoner completes mandatory exhaustion requirements); Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999) (same); see also, Quilling v. Humphries, No. 4:10cv404-WS, 2010 WL 4783031, at *1 (N.D. Fla. Nov. 17, 2010) (referring a case back to the magistrate judge because it could not be determined that the statute of limitations necessarily barred the plaintiff's claims); and Baldwin v. Benjamin, No. 5:09-CV-372(CAR), 2010 WL 1654937 (M.D. Ga. Apr. 23, 2010) (recognizing that the Eleventh Circuit has not adopted a rule regarding the effect of exhaustion on tolling, but noting that the exhaustion requirement may operate to toll the statute of limitations).

Plaintiff was attempting to exhaust his administrative remedies as late as June 18, 2010. (Doc. No. 13, p. 18).[1] However, by Plaintiff's admission, he was released from prison on June 7, 2010. Because Plaintiff was not incarcerated after June 7, 2010, he was no longer required to complete the exhaustion requirement, and the statute of limitations period began on that date. Plaintiff had until on or before June 7, 2012, to file

---

[1] The undersigned recognizes that Plaintiff was not a "prisoner" within the meaning of the Prisoner Litigation Reform Act ("PLRA") when he filed suit. 28 U.S.C. § 1915A(c). However, Plaintiff was a prisoner at the time of the alleged events giving rise to this cause of action, which is determinative of the application of the PLRA and its attendant exhaustion requirements.

a timely Complaint in this Court. Plaintiff's Complaint, which was filed on June 7, 2012, was filed in a timely manner.

II. **Claims Barred by Heck**

Defendant asserts that Plaintiff's claims call into question the validity of the disciplinary sanction imposed against him. Defendant also asserts that Plaintiff has not even alleged that the disciplinary sanction was overturned, and thus, his claims are barred by Heck.

Plaintiff contends that his cause of action does not challenge the disciplinary proceedings. Rather, Plaintiff contends, he is challenging the violation of his Fifth Amendment right to remain in general population.

The Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal

7

judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original). The Supreme Court has applied the Heck analysis to claims made by prisoners challenging prison disciplinary actions. Hale v. Riggins, 154 F. App'x 782, 783 (11th Cir. 2005) (citing Edwards v. Balisok, 520 U.S. 641, 643-49 (1997)).[2]

A review of Plaintiff's Complaint reveals that he is not challenging the disciplinary proceedings themselves. Instead, Plaintiff asserts that he was placed in administrative segregation and taken out of the general population, in violation of his right to due process under the Fifth Amendment. Thus, even if Plaintiff were successful on this claim, his success would not invalidate the disciplinary action received as a result of the disciplinary process.

### III. Due Process Claim

A plaintiff states a cognizable claim for relief under Bivens if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated by a person acting under color of law. See Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). An inmate, one who has already been deprived of liberty, can be deprived further of his liberty, such that due process is required, when (1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) when the government has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

---

[2] The Heck analysis is applicable to Bivens claims. Salazar v. United States Atty. Gen., 476 F. App'x 383, 385 (11th Cir. 2012) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)).

AO 72A
(Rev. 8/82)

Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir.1999) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)). There is no liberty interest, and therefore no constitutional violation, "if the Sandin atypical and significant hardship standard" is not met. Magluta v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004).³

The undersigned recognizes that Plaintiff is only challenging his removal from the general population and placement in administrative detention. However, to establish that he had a liberty interest in remaining in general population and that a constitutional violation occurred because Defendant determined Plaintiff violated a prison regulation and placed him in administrative segregation as a result, Plaintiff must also show that he suffered an atypical and significant hardship. Plaintiff simply makes no allegations in this regard. Rather, Plaintiff contends that Defendant's order to pay attention to the presentation was invalid. Plaintiff fails to state a due process claim against Defendant. Moulds v. Bullard, 452 F. App'x 851, 855 n.1 (11th Cir. 2011) (quoting Magluta for the assertion that there is no liberty interest and no constitutional violation if the Sandin atypical and significant hardship standard were not met). Because Plaintiff has not shown that Defendant violated his constitutional right to due process, he has failed to state a claim against Defendant under Bivens, and Plaintiff's Complaint should be dismissed. Because dismissal is appropriate based on Plaintiff's failure to state a claim upon which relief may be granted, discussion of Defendant's qualified immunity defense

---

³ The undersigned notes Plaintiff's reliance on Hewitt v. Helms, 459 U.S. 460 (1983). However, "the Supreme Court [has] expressly abandoned Hewitt's methodology." Magluta, 375 F.3d at 1281-82 (citing Sandin, 5151 U.S. at 483 n.5).

is not necessary. <u>Martinez v. Burns</u>, 459 F. App'x 849, 851 (11th Cir. 2012) (citing <u>Carter v. Galloway</u>, 352 F.3d 1346, 1350 n.10 (11th Cir. 2003)).[4]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] A court has discretion to dismiss, at any time, complaints which fail to state a claim upon which relief may be granted. <u>See</u> <u>Towbridge v. Tacker</u>, 488 F. App'x 402, 404 (11th Cir. 2012) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), for the proposition that dismissals pursuant to 28 U.S.C. § 1915 are governed by the same standard as a dismissal under Rule 12(b)(6)).

AO 72A
(Rev. 8/82)