IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERIC WATKINS,                          :
                                       :      CIVIL ACTION NO.: CV212-113
          Plaintiff,                   :
                                       :
     vs.                               :
                                       :
                                       :
D. HUDSON, Associate Warden,           :
                                       :
          Defendant.                   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Watkins ("Plaintiff"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an Amended Complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. Defendant filed a Motion to Dismiss, to which Plaintiff responded. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff filed his original cause of action on June 7, 2012. Plaintiff contended that, on October 29, 2009, Defendant Hudson, Associate Warden at FCI Jesup, placed him in administrative detention after he fell asleep during a video and refused to obey an order to wake up and act interested in the video. Plaintiff contended, citing 28 C.F.R. § 541.22 (2009 version), that his placement in administrative detention was not based

on a valid reason and was, therefore, in violation of his Fifth Amendment right to due process to remain in the general population area of the prison. Plaintiff also contended that his First Amendment right of freedom of speech was violated. The undersigned directed service of Plaintiff's Complaint on Defendant based on Plaintiff's due process claim and recommended dismissal of Plaintiff's First Amendment claim. (Doc. Nos. 4, 5). Chief Judge Lisa Godbey Wood adopted this recommendation as the opinion of the Court and dismissed Plaintiff's First Amendment claim. (Doc. No. 8). Defendant then filed a Motion to Dismiss, which the undersigned recommended granting because Plaintiff failed to set forth a viable due process claim. (Doc. No. 16). Chief Judge Wood adopted this recommendation as the opinion of the Court, over Plaintiff's Objections, and dismissed Plaintiff's Complaint. (Doc. Nos. 24, 25). Plaintiff filed an appeal with the Eleventh Circuit Court of Appeals. (Doc. No. 30). The Eleventh Circuit affirmed the dismissal of Plaintiff's Complaint but remanded with instructions to allow Plaintiff to file an Amended Complaint against Defendant. (Doc. No. 36). The undersigned directed Plaintiff to file any desired Amended Complaint against Defendant, and Plaintiff did so. (Doc. Nos. 38, 39).

In his Amended Complaint, Plaintiff asserts that Defendant violated his First and Fifth Amendment rights when he: 1) ordered Plaintiff removed from the general population absent a valid reason for his removal and had him placed into administrative detention as punishment; 2) charged Plaintiff with refusing to obey an order to wake up and act like he was interested in the video shown during orientation, even though Plaintiff had no notice that acting uninterested was a prohibited act under the Bureau of Prisons' ("BOP") regulations; and 3) retaliated against Plaintiff by ordering his removal

AO 72A
(Rev. 8/82)

from the general population without a valid reason because Plaintiff protested Defendant's order. Plaintiff alleges that he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life while he was in administrative detention because he could: no longer participate in or practice his religion because he could not meet with the Rastafarian brothers for their regular, required worship programs and communions; participate in numerous rehabilitative programs only offered in general population; not have the privilege of regular contact with his family and friends outside of prison; and not enjoy the general freedoms of the general population necessary for rehabilitation.

Defendant alleges that he is entitled to qualified immunity. Defendant also alleges that Plaintiff fails to set forth viable First and Fifth Amendment claims. Defendant asserts that Plaintiff's claims are barred by claim preclusion.

## STANDARD OF REVIEW

Under a Rule 12(b) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. . . . In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Solis v. The Eichholz Law Firm, P.C., 4:10-CV-162, 2011 WL 710993 (S.D. Ga. Feb. 22, 2011) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" Manning v. City of Auburn, 953 F.2d 1355, 1358-59 (11th Cir. 1992) (internal citation omitted). "The court

4

next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." Piper, 244 F.3d at 1296. At all times, the burden is on the party asserting res judicata (here, Defendant) to show that the later-filed suit is barred. Id.

Defendant's claim preclusion argument arises from Case Number CV212-37. In that case, the undersigned directed service of Plaintiff's complaint against the named Defendants based on Plaintiff's contentions that he was subjected to an excessive use of force on October 29, 2009, during a cell extraction. (CV212-37, Doc. No. 5). Plaintiff named Defendant in this case as a defendant in CV212-37. Plaintiff asserted as a supporting fact for his complaint that: "On October 29, 200[9], Plaintiff resided in the General Population (GP) of Jesup Georgia's Federal Correctional Complex Medium (FCCM) when he was removed from GP and transported to the Special Housing Unit (SHU) on charges of a violation of Bureau of Prison (BOP) prohibitted(sic) acts." (CV212-37, Doc. No. 1, p. 8). Defendants moved to dismiss Plaintiff's complaint on statute of limitations grounds, and the undersigned recommended this motion be denied. (CV212-37, Doc. No. 35). Chief Judge Wood adopted this recommendation as the opinion of the Court. (Id. at Doc. No. 52). Defendants then filed a motion to dismiss for want of prosecution, which was denied. (Doc. Nos. 105, 115). Defendants then filed a motion for summary judgment. After a review of the pleadings and relevant supporting documentation, the undersigned recommended that the defendants' motion be granted, as Plaintiff failed to establish a genuine dispute as to any fact material to his excessive force claim. (Id. at Doc. No. 144). Chief Judge Wood adopted this recommendation as the opinion of the Court and entered judgment dismissing Plaintiff's

AO 72A
(Rev. 8/82)

complaint. (Id. at Doc. Nos. 161, 162). Plaintiff filed an appeal with the Eleventh Circuit Court of Appeals, and his appeal was dismissed for want of prosecution. (Id. at Doc. Nos. 163, 173).

The undersigned finds that the elements of res judicata, or claim preclusion, have been met by Defendant. This Court is a court of competent jurisdiction, and the dismissal of Plaintiff's complaint in CV212-37 on summary judgment grounds is a judgment on the merits. As noted above, Plaintiff named Defendant as a defendant in CV212-37, and the events giving rise to the litigation in CV212-37 occurred on the same date, October 29, 2009. In fact, Plaintiff averred in CV212-37 that the charged violation of a BOP prohibited act—the factual basis of his Amended Complaint in this case—was a supporting fact of his excessive use of force claim. "'[I]f a case arises out of the same nucleus of operative fact . . . as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.'" O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1355 (11th Cir. 2000) (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (alteration in original). Plaintiff could have raised his current due process and First Amendment claims in CV212-37, and his failure to do so bars his ability to proceed with these claims via his Amended Complaint in this case.[1]

It is unnecessary to address the remaining portions of Defendant's Motion to Dismiss.

---

[1] Plaintiff also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in CV209-198 on December 14, 2009. (CV209-198, Doc. No. 1). Plaintiff contended that his due process rights were violated during a prison disciplinary proceeding in which he was found guilty of refusing to obey an order. (Id. at Doc. No. 52, p. 1). This Court dismissed Plaintiff's petition as moot because he had already been released from the BOP's custody. (Id. at p. 3 and Doc. No. 57). While this judgment is not one on the merits, the undersigned notes Plaintiff's filings in CV209-198 as illustrative of his knowledge of the events giving rise to the claims in his Amended Complaint in this case as early as the date of his filing in CV209-198, which was well before he filed causes of action in Case Numbers CV212-37 and CV212-113.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Amended Complaint be **DISMISSED**, with prejudice.

**SO REPORTED** and **RECOMMENDED**, this ___6___ day of October, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)